1    **JS-6**

2    **O**

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   BRIAN WHITAKER,                      Case No.:  2:21-cv-00245-MEMF(GJSx)

12                    Plaintiff,          **ORDER GRANTING MOTION TO DISMISS
                                          FIRST AMENDED COMPLAINT WITHOUT**
13           v.                           **LEAVE TO AMEND [ECF NO. 29] AND
                                          DENYING CROSS-MOTIONS FOR**
14                                        **SUMMARY JUDGMENT AS MOOT [ECF
                                          NOS. 42, 43]**
15   COACH LEATHERWARE CALIFORNIA,
     INC.,
16
                     Defendant.
17

18

19

20          Before the Court are Defendant Tapestry, Inc.'s Motion to Dismiss the First Amended

21   Complaint (ECF No. 29) and Motion for Summary Judgment (ECF No. 42), as well as Plaintiff

22   Brian Whitaker's Motion for Partial Summary Judgment (ECF No. 43). The Court held oral

23   argument on these matters on July 7, 2022. For the reasons stated herein, the Court hereby GRANTS

24   the Motion to Dismiss (ECF No. 29) WITHOUT LEAVE TO AMEND and DENIES the Motions

25   for Summary Judgment (ECF Nos. 42, 43) as moot.

26

27   / / /

28   / / /

                                        1

1

## BACKGROUND

2

### I.    Factual Background[1]

3    Plaintiff Brian Whitaker ("Whitaker") has physical disabilities and is substantially limited in

4    his ability to walk. FAC ¶ 1. He suffers from a C-4 spinal cord injury, is quadriplegic, and uses a

5    wheelchair for mobility. *Id.* Defendant Tapestry, Inc. ("Tapestry")[2] previously owned and operated

6    the Stuart Weitzman shoe store located at or about 6600 Topanga Canyon Blvd, Canoga Park, CA

7    ("Stuart Weitzman"). *Id.* ¶ 2; *see also* Joint CMS at 2.

8    On or about December 4, 2020, Whitaker went to the Stuart Weitzman shoe store intending

9    to avail himself of its goods and to assess the business for compliance with disability access laws.

10    FAC ¶ 8. Stuart Weitzman uses a sales counter to handle transactions with its customers; however,

11    none were wheelchair accessible. *Id.* ¶ 11. Whitaker is unable to stand and is required to handle any

12    transactions from his wheelchair. *Id.* ¶ 13. Using sales counters taller than 36 inches creates

13    difficulty and frustration for Whitaker. *Id.* The only sales counter at Stuart Weitzman was 42 inches

14    in height. *Id.* ¶ 12. Due to the height of the sales counter and lack of a wheelchair-height alternative

15    counter, Whitaker was deterred from completing his transaction and left the store without making a

16    purchase. *Id.* ¶ 14.

17    ### II.    Procedural History

18    On January 12, 2021, Whitaker filed a complaint against Tapestry. ECF No. 1. On March 31,

19    2021, Whitaker filed a First Amended Complaint alleging two causes of action: (1) violation for the

20    Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and (2) violation of the Unruh

21    Civil Rights Act, CAL. CIV. CODE §§ 51–53 ("Unruh Act"). *See generally* FAC. On April 27, 2021,

22    Tapestry filed the instant Motion to Dismiss the First Amended Complaint. ECF No. 29 ("MTD").

23    The Motion to Dismiss was fully briefed on May 12, 2021. *See* ECF Nos. 30 ("MTD Opp'n"), 32

24    ("MTD Reply"). On May 21, 2021, the court vacated the hearing on the Motion to Dismiss and took

25

26

27    [1] The factual allegations stated herein are taken from the First Amended Complaint. ECF No. 23 ("First Amended Complaint" or "FAC").

28    [2] According to the defendant, the correct name of the defendant is Tapestry, Inc. *See* ECF No. 54 ("Joint CMS") at 2. Tapestry alleges that it was sued erroneously as Coach Leatherware California, Inc. *Id.*

1  the motion under submission. ECF No. 33. On December 8, 2021, Tapestry filed the instant Motion

2  for Summary Judgment. ECF No. 42 ("Tapestry MSJ"). The next day, Whitaker filed the instant

3  Motion for Partial Summary Judgment. ECF No. 43 ("Whitaker MSJ"). The Motions for Summary

4  Judgment were fully briefed on January 6, 2022. ECF Nos. 46 ("Tapestry MSJ Memo"), 47

5  ("Whitaker Supp. Brief"). On January 14, 2022, the Court vacated the hearing on the Motions for

6  Summary Judgment and took the motions under submission. ECF No. 49.

7         On February 10, 2022, pursuant to an Order of the Chief Judge, this case was reassigned to

8  this Court. ECF No. 52. On February 14, 2022, the Court issued a Reassignment Order requiring

9  parties to submit a Joint Case Management Statement. ECF No. 53. On March 1, 2022, the parties

10  submitted a Joint Case Management Statement, in which Tapestry noted that Stuart Weitzman had

11  permanently closed. Joint CMS at 2. The Court heard oral argument on these matters on July 7,

12  2022.

### MOTION TO DISMISS

I.    **Applicable Law**

A.  **Mootness**

16         Under Federal Rule of Civil Procedure Rule 12(b)(1), dismissal is proper when a plaintiff

17  fails to properly plead subject matter in the complaint. FED. R. CIV. P. 12(b)(1). "Pursuant to Article

18  III of the U.S. Constitution, federal courts can only adjudicate live cases or controversies." *Bishop

19  Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017). As a result, courts lack subject

20  matter jurisdiction to adjudicate moot claims. *Id.* at 1155. "[A] case is moot when the issues

21  presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty.

22  of Los Angeles v. Davis*, 440 U.S. 625, 631 (9th Cir. 1998) (quoting *Powell v. McCormack*, 395 U.S.

23  486, 496 (1969)). However, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a

24  case." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (quoting

25  *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). "Nevertheless, part or all of a case may

26  become moot if (1) subsequent events [have] made it absolutely clear that the allegedly wrongful

27  behavior [cannot] reasonably be expected to recur, and (2) interim relief or events have completely

28  and irrevocably eradicated the effects of the alleged violation." *Norman-Bloodsaw v. Lawrence

1  *Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (alteration in original) (internal quotation marks

2  omitted) (quoting *Concentrated Phosphate*, 393 U.S. at 203).

3  **B.  Motions to Dismiss for Failure to State a Claim**

4  Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss

5  for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose

6  of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a

7  complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district

8  court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient

9  facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d

10  1156, 1159 (9th Cir. 2016).

11  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to

12  'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

13  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not

14  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

15  acted unlawfully." *Id.* While a complaint does not need detailed factual allegations, a plaintiff's

16  obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals

17  of the elements of a cause of action." *Id.* "Determining whether a complaint states a plausible claim

18  for relief is 'a context-specific task that requires the reviewing court to draw on its judicial

19  experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting

20  *Iqbal*, 556 U.S. at 679).

21  When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded

22  material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at

23  1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We

24  accept factual allegations in the complaint as true and construe the pleadings in the light most

25  favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions."

26  *Iqbal*, 556 U.S. at 678.

27  A district court should generally grant leave to amend freely. *Cervantes v. Countrywide*

28  *Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). However, "a district court may dismiss

without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

### C. Exercise of Supplemental Jurisdiction

28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). A district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have the discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### II.    Discussion

Tapestry contends that Whitaker's FAC should be dismissed because: (1) Whitaker's FAC fails to meet the additional pleading requirements imposed by California's High Frequency Litigant Statute; and (2) the Court should decline to exercise supplemental jurisdiction over Whitaker's Unruh Civil Rights Act claim. MTD at 2–11. In his Opposition, Whitaker maintains that the Court has supplemental jurisdiction over the Unruh Act claim. *See generally* MTD Opp'n.

/ / /

/ / /

/ / /

/ / /

1

**A. Whitaker's ADA claim is moot.**

2      Although the issue was not initially raised in the original Motion to Dismiss, the Court first

3  considers whether Whitaker's ADA claim is moot.[3] In the parties' Joint Case Management

4  Statement, Tapestry noted that Stuart Weitzman, the subject store, had permanently closed. Joint

5  CMS at 2. In the parties' Joint Brief Regarding Motion for Summary Judgment, Whitaker conceded

6  that he "does not dispute" that the store has closed permanently and noted that he was no longer

7  seeking an injunction. ECF No. 42-1 ("Joint MSJ Brief"). Moreover, the parties confirmed during

8  the hearing that this was not a disputed fact.

9      Courts in the Ninth Circuit have generally found ADA cases to be moot when the alleged

10 premises have closed. *See, e.g.*, *Moore v. Millennium Acquisitions, LLC*, 708 F. App'x 485, 485 (9th

11 Cir. 2018) (finding ADA claim moot because plaintiff "cannot show it is likely that he will be

12 confronted with the alleged barriers in the future" where gas station at which he encountered barriers

13 was no longer operational); *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011)

14 (holding that plaintiff's "[ADA] claims for prospective injunctive relief became moot once the

15 restaurant ceased operation"); *Johnson v. Lake Tahoe Partners*, No. CIV. S-13-2534 KJM, 2014 WL

16 2548830, at *3 (E.D. Cal. June 5, 2014) ("Courts have found ADA cases to be moot when the

17 challenged premises have closed with no plans to reopen or lease to new tenants."); *Johnson v. Opa

18 *Los Altos, LP*, No. 21-cv-04307-BLF, 2022 WL 159343, at *3 (N.D. Cal. Jan. 18, 2022) (finding

19 ADA claim moot where plaintiff "cannot plausibly expect to encounter any of the alleged barriers in

20

21

22  _____

23  [3] "[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties'
    arguments." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004). "It
24  is well established that 'lack of federal jurisdiction cannot be waived or be overcome by an agreement of the
    parties.'" *Id.* (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *see also Toumajian v. Frailey*, 135 F.3d
25  648, 652 (9th Cir. 1998) ("In this action, as in all actions before a federal court, the necessary and
    constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—
26  to adjudicate the dispute."). As a result, a "district court ha[s] a duty to establish subject matter jurisdiction . .
    . whether the parties raised the issue or not." *Waddell & Reed*, 360 F.3d at 966–67. Therefore, even though
27  neither party raised the issue of mootness in their briefing on the Motion to Dismiss, the Court may consider
    the issue *sua sponte*. The Court notes, however, that the parties discussed the issue of mootness in their joint
28  brief on the Cross-Motions for Summary Judgment, *see* Joint MSJ Brief at 1, 7–8, and their Joint Case
    Management Statement, *see* Joint CMS at 2.

1  the future because the restaurant is no longer in operation and [defendant] has vacated the

2  property").[4]

3          The same circumstances exist here. Based on the record before it, the Court finds that

4  Whitaker cannot possibly expect to encounter any of the alleged barriers in the future because Stuart

5  Weitzman is no longer in operation and Tapestry has vacated the property. As a result, the Court

6  finds Whitaker's ADA claim moot and, on that basis, GRANTS the Motion to Dismiss with respect

7  to the ADA claim.[5]

**B. The Court declines to exercise supplemental jurisdiction over Whitaker's Unruh Civil Rights Act claim.**

10          In addition to Whitaker's ADA Claim, the FAC also asserts one state law claim for violation

11  of the Unruh Civil Rights Act over which the Court possesses only supplemental jurisdiction. *See* 28

12  U.S.C. § 1367(a). As discussed previously, a district court has discretion to decline to exercise

13  supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction or,

14  in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* §

15  1367(c)(3), (4).

16          Section 1367(c)(3), allowing the court to exercise discretion upon dismissal of all claims over

17  which it has original jurisdiction, applies here. Here, the Court has found that Whitaker's ADA claim

18  is moot and dismissed the claim without leave to amend. The ADA claim was the only claim over

19  which the Court possessed original jurisdiction. The Ninth Circuit does not require an "explanation

20  for a district court's reasons [for declining supplemental jurisdiction] when the district court acts

21  under 28 U.S.C. §§ 1367(c)(1)–(3)." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478

22  (9th Cir. 1998). Nonetheless, the Court finds that it would be imprudent and contrary to the interests

23  of judicial economy to maintain jurisdiction over the remaining state law claims without any claims

24

25  _____

26  [4] During the hearing, counsel for both parties agreed that closure of the alleged premises where an ADA violation took place renders an ADA claim moot. They further agreed that there was no binding authority in support of this proposition.

27  [5] Because the Court grants the Motion to Dismiss with respect to Whitaker's ADA claims on the basis of lack of subject matter jurisdiction, the Court need not consider Tapestry's other argument that Whitaker's FAC

28  fails to meet the additional pleading requirements imposed by California's High Frequency Litigant Statute.

over which it has original jurisdiction.[6] The Court is not alone in reaching such a conclusion—the

Ninth Circuit has previously affirmed district court decisions declining to exercise supplemental

jurisdiction over state law claims upon resolution of the ADA claims. *See, e.g.*, *Oliver v. Ralphs

Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (upholding dismissal of state law claims after

summary judgment granted to defendant on ADA accessibility claim); *Wander v. Kaus*, 304 F.3d

856, 857–58 (9th Cir. 2002) (upholding dismissal of case after dismissing ADA claim as moot

because defendants no longer owned public accommodation where barriers were located). "[I]n the

usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and

comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."

*Sanford MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v.

Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent

v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000)). Because the balance of these factors do

not "tip in favor of retaining the state law claims" after the dismissal of the ADA claim, *see id.*, the

Court finds it proper to decline to exercise supplemental jurisdiction over Whitaker's state law

claim.[7]

---

[6] During the hearing, Whitaker's counsel argued that should the Court decline to exercise supplemental jurisdiction, the parties would essentially be forced to file the same pleadings again in state court and duplicate the efforts already expended by the parties, including through extensive discovery. As such, Whitaker's counsel contended that the interests of judicial economy, convenient fairness, and comity suggest that the Court should retain supplemental jurisdiction over the Unruh Act claims. However, the Court found this argument unavailing. Because both parties had already conducted discovery, there would be no need for the parties to "duplicate efforts" by conducting the same discovery a second time. The Court finds that the interests of judicial economy point in favor of declining supplemental jurisdiction over the Unruh Act claim.
[7] The Court notes that in *Arroyo v. Rosas*, the Ninth Circuit ultimately found that a district court abused its discretion in declining supplemental jurisdiction over the Unruh Act claim under § 1367(c)(4) where the court did so at a "very late stage" in the litigation and, therefore, "[a]ny burden from *this* particular litigation ha[d] already been borne." *Arroyo v. Rosas*, 19 F.4th 1202, 1214–17 ("[I]t is simply too late to undo the now-sunk costs already incurred by litigating this matter to its now-inevitable conclusion."). However, the Ninth Circuit in *Arroyo* did not consider whether a court may decline supplemental jurisdiction over the Unruh Act claim under § 1367(c)(3) at this stage in the litigation. Moreover, *Arroyo* is distinguishable because in that case the district court reached the merits of the plaintiff's ADA claim. As a result, declining supplemental jurisdiction under 1367(c)(3) was not an option for the district court in *Arroyo*. *See supra*. Here, however, the Court has dismissed Whitaker's ADA claim in its entirety. And, as discussed previously, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

1  As a result, the Court therefore declines to exercise supplemental jurisdiction over Whitaker's Unruh

2  Act claim and GRANTS the Motion to Dismiss with respect to the Unruh Act claim.

3  **C.  Because Amendment Would Be Futile, the Court Grants the Motion to Dismiss
    Without Leave to Amend.**

4

5  Although a court should generally grant leave to amend freely, it may nonetheless "dismiss

6  without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies

7  and amendment would be futile." *Cervantes*, 656 F.3d at 1041. Here, the Motion to Dismiss is

8  granted on the basis of lack of subject matter jurisdiction, not due to an improperly pled complaint.

9  As such, any amendment undertaken by Whitaker would be futile. Therefore, the Motion to Dismiss

10  is granted WITHOUT LEAVE TO AMEND. Because the Court ultimately grants the Motion to

11  Dismiss without leave to amend, it need not consider the Cross-Motions for Summary Judgment.

12  The Court therefore DENIES the Cross-Motions for Summary Judgment as MOOT.

13

14

15

16

17

18

19

20

21

22

23  / / /

24  / / /

25  / / /

26

27  _____

28  jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims."
    *Sanford MemberWorks, Inc.*, 625 F.3d at 561.

## **CONCLUSION**

In light of the foregoing, the Court hereby ORDERS as follows:

1.  The Court GRANTS the Motion to Dismiss with respect to the ADA claim WITHOUT LEAVE TO AMEND;

2.  The Court DECLINES to exercise supplemental jurisdiction over the Unruh Act Claim and therefore GRANTS the Motion to Dismiss with respect to this claim WITHOUT LEAVE TO AMEND;

3.  The Court DENIES Tapestry's Motion for Summary Judgment as MOOT;

4.  The Court DENIES Whitaker's Motion for Partial Summary Judgment as MOOT.

IT IS SO ORDERED.

Dated: July 25, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge